311 So.2d 440

**ALABAMA MACHINERY AND SUPPLY CO.**

v.

**Eddie SCOTT.**

**Civ. 449.**

Court of Civil Appeals of Alabama.

Feb. 5, 1975.

Rehearing Denied March 5, 1975.

Hill, Hill, Carter, Franco, Cole & Black and John M. Milling, Jr., Montgomery, for petitioner.

George B. Azar, Montgomery, for respondent.

HOLMES, Judge.

This is a workmen's compensation case in which the petitioner-employer appeals the lower court's order requiring him to pay the expenses for a surgical operation to be performed on respondent-employee.

The parties in this case have been before this court previously and our decision in the prior appeal was rendered on April 3, 1974. The facts up to the time of this ap-

peal can be found in that opinion, Scott v. Alabama Machinery and Supply Co., 52 Ala.App. 459, 294 So.2d 160.

The facts since the last appeal, in which we held that compensation benefits to the respondents were suspended until he agreed to submit to additional surgery, are briefly stated as follows: On August 28, 1974, respondent filed a motion with the trial court stating he was now ready to undergo the recommended surgery and requesting that the court order petitioner to provide and furnish the surgery.

Petitioner filed an objection to respondent's motion. The trial court, on October 10, 1974, overruled this objection and directed petitioner to pay the expenses to be incurred by the surgery. Appeal was then had to this court.

Petitioner's appeal is bottomed on the premise that the order of October 10, 1974, is contrary to the language of Tit. 26, § 293, Code of Ala. (1940), and that the trial court therefore erred in ordering the operation.

In its pertinent part at the time of the proceedings below, Tit. 26, § 293, Code of Alabama (1940), as amended, reads as follows:

In addition to the compensation herein provided, the employer shall pay the actual cost of reasonably necessary medical and surgical treatment and attention, medicine, medical and surgical supplies, crutches, original artificial members, and other apparatus, as may be obtained by the injured employee *during the first two years of disability*, . . . ." [Emphasis ours]

Petitioner, through able counsel, contends that the accident having occurred on January 14, 1971, it is no longer liable for the expenses inasmuch as the expenses will not be incurred during the "first two years of disability."

This court is of the opinion that we have already answered the contention of petitioner in our prior opinion involving these two parties [Scott v. Alabama Machinery and Supply Co., 52 Ala.App. 459, 464, 294 So.2d 160, 164] when we stated, in extending our opinion on rehearing, that:

"Applicant further asserts that we should impose a thirty day period in which the employee could submit to the surgery. There is no time limit prescribed in Title 26, Section 293 of the Alabama Code. Section 293 provides that payments will be suspended during the time of the refusal, nothing more. It is not the place of this court to draft into statutes arbitrary time limits when the legislature has not seen fit to do so. In interpreting a statute of this kind, we can be guided only by the standard of reasonableness, and the facts of each case will be determinative of that issue."

To this court, in the factual situation we have before us where the injured respondent refused further surgery but filed suit requesting benefits due him within two years, the trial court finding his refusal unreasonable, that decision then being appealed to this court where we held that the compensation benefits were to be suspended until the respondent underwent the operation, the above section, to wit, Tit. 26, § 293, Code of Ala. (1940), relied upon by petitioner is not applicable. We note that it was not until April 3, 1974, over three years after the accident, that it was finally adjudicated that respondent's refusal to undergo the operation was unreasonable.

Under facts such as these, the test as set out earlier in our quote from *Scott, supra*, to determine whether or not the time in which the employee consents to the operation is an appropriate time is the standard of "reasonableness."

In this instance, where only four months have elapsed since this court ruled that the appellant must "have" the operation, one involving further surgery to his back, we cannot say that time in which the operation was requested is unreasonable.

The case is therefore and accordingly affirmed.

Affirmed.

BRADLEY, J., concurs.

WRIGHT, P. J., concurs in the result.

WRIGHT, Presiding Judge (concurring in the result):

I concur in the result of the opinion of the majority, but disagree with the reason.

It is my opinion that the provisions of Sec. 293 relating to payment of reasonably necessary medical and surgical expenses as may be obtained by the injured employee during the first two years of disability must be interpreted and construed in pari materia with other provisions of the Workmen's Compensation Law and with consideration of the beneficent purposes of the act.

I would hold that the limitation of two years upon liability of the employer for payment of medical expenses may be tolled during denial of liability and until such issue is finally determined by agreement or by action of the courts. I would further hold that such limitation may be tolled, as in this case, where there is suspension of compensation due to dispute between the parties as to whether refusal to submit to medical or surgical treatment is reasonable.

In this case, employer suspended compensation under provisions of Sec. 293 because employee refused surgical treatment. Such suspension was founded upon the premise that surgical treatment was offered and was due employee at employer's expense. Employee was alleged to have rejected such proffered surgical treatment unreasonably and his compensation was suspended. Employee chose to resort to the court to secure reinstatement of compensation, contending his refusal of surgical treatment was not unreasonable. He had the right to take such action. He lost his contention that his refusal was reasonable and was directed by the trial court

and by this court to accept the offered treatment or he would not receive any further compensation. He accepted the direction of the court and notified employer that he accepted the offered surgery.

Employer responded by saying, "Our offer is now withdrawn. We will not pay for such surgery now because during your contest of the reasonableness of our offered treatment time ran out on you. If you cannot now afford to pay for a second back operation you will receive no further compensation."

This action by employer is unconscionable. To permit it would require an employee to submit to any proffered medical or surgical treatment without contest or take the chance that time would run out on him during such contest.

Appellee-employee contends in argument that employer has waived the right to raise the two year statute by offering surgery at the time of the trial of the first case between these parties. (Scott v. Alabama Machinery & Supply Co., 52 Ala.App. 459, 294 So.2d 160.) Perhaps such argument is sound, though I would not decide the case upon such argument. I would hold the statute is tolled by the suspension of compensation for refusal of employee to submit to surgical treatment and during the action of employee to contest such suspension together with a reasonable time after order by the court that refusal to submit was unreasonable.

The limitation for payment of medical expenses obtained by a claimant during the first two years of disability must be considered tolled while action is proceeding in court to determine liability and necessity of treatment. Denial of liability by the employer and subsequent court action could well extend for two years and more. Failure to obtain treatment at employee's expense during the contest could be claimed as a bar, as here, because two years after disability had expired.

The insistence by employer in this case that employee submit to further surgery is

for the purpose of diminishing the claimed disability and thus employer's liability for compensation. Employer is now saying employee, in order to receive any further compensation, must undergo surgery which is calculated to diminish employee's disability and employer's liability but the cost of such surgery must be at employee's expense. This contention cannot be accepted.